**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.org**

In re:                                                        Case No.: 6:23-bk-04081-TPG
                                                                 Chapter 11
**EVOLUTION MICRO, LLC,**

      Debtor.

_____/

**EVOLUTION MICRO, LLC,**

      Plaintiff,                                   Adv. Case No.: 6:24-ap-_____

v.

**CITIBANK, N.A.,**

      Defendant.

_____/

**COMPLAINT TO AVOID**
**PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547**
**AND TO RECOVER TRANSFERRED PROPERTY PURSUANT TO 11 U.S.C. § 550**

      **EVOLUTION MICRO, LLC** (the "Reorganized Debtor" or "Plaintiff"), pursuant to 11

U.S.C. §§ 547 and 550 of the United States Bankruptcy Code and Rules 7001 and 7003 of the

Federal Rules of Bankruptcy Procedure, hereby sues **CITIBANK, N.A.** ("Defendant"), to avoid

and recover preferential transfers, and in support thereof, alleges that:

**Jurisdiction and Venue**

      1.    The Court has subject-matter jurisdiction over this proceeding pursuant to 28

U.S.C. §§ 157(a), 157(b), and 1334(e), and the Order of the United States District Court for the

Middle District of Florida referring all cases and proceedings under the Bankruptcy Code in this

District to the Bankruptcy Court.

2.      This adversary proceeding is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(F).

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### Parties and Procedural Background

4.      On September 29, 2023 (the "Petition Date"), Plaintiff filed its petition for relief under Chapter 11 of the United States Code (the "Bankruptcy Code").

5.      On January 5, 2024, the Court entered its *Order Confirming Final Subchapter V Plan of Reorganization of Evolution Micro, LLC* (the "Confirmation Order"), pursuant to which it confirmed the Reorganized Debtor's Plan of Reorganization (the "Plan").

6.      The Effective Date (as defined in the Plan) occurred on January 20, 2024.

7.      Pursuant to the Plan and the Confirmation Order, all retained assets and causes of action were channeled to the Reorganized Debtor to be asserted and prosecuted for the benefit of Plaintiff's estate and creditors.

8.      Through its investigation of the Plaintiff's estate, the Reorganized Debtor discovered that Defendant had received transfers from Plaintiff in the amount of $112,720.27 (the "Transfers") during the 90 days prior to the Petition Date.

9.      On January 16, 2024, Plaintiff sent a letter to the Defendant demanding the return of the Transfers; however, as of the date of the filing of this complaint, Defendant has failed to return the avoidable transfers or otherwise respond to Plaintiff's demand letter. Attached hereto as **Exhibit "A"** is the Demand Letter sent by Plaintiff to the Defendant.

### COUNT ONE – AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547

10.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 – 9 hereof as if fully stated herein.

11.     On or within 90 days before the Petition Date, that is, between July 1, 2023 and September 29, 2023 (the "Preference Period"), Plaintiff transferred its property to Defendant in an amount not less than $112,720.27.

12.     Specifically, the Transfers were made by Plaintiff to Defendant from its bank accounts on the following dates: July 13, 2023; August 30, 2023; September 5, 2023; and September 7, 2023.

13.     At the time of the Transfers, Defendant was a creditor of the Debtor within the meaning of 11 U.S.C. §101(10)(A) and had or claimed a right to payment on account of an obligation owed to the Defendant by Plaintiff.

14.     The Transfers were to or for the benefit of the Defendant within the meaning of 11 U.S.C. § 547(b)(1), as the Transfers reduced or fully satisfied a debt then owed by the Plaintiff to the Defendant.

15.     Plaintiff was insolvent at all times during the Preference Period, as the fair value of its assets was much less than the total amount of the debts it owed, detail of which is set forth in the various reports filed in the Bankruptcy Case.

16.     In receiving the Transfers during the Preference Period, the Defendant received more than the Defendant would have received if (a) Plaintiff had filed its Bankruptcy Petition under Chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) the Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment in its favor and against the Defendant on Count One as follows:

(a)    Declaring that the Transfers are avoidable preferences pursuant to 11 U.S.C.

§ 547(b); and

(b)    Granting such other further relief as this Court deems just and equitable.

**COUNT TWO – RECOVERY OF AVOIDED TRANSFERS
PURSUANT TO 11 U.S.C. § 550**

17.    Plaintiff incorporates by reference the allegations set forth in paragraph 1 – 16

hereof as if fully stated herein.

18.    The Transfers, to the extent they are avoided pursuant to 11 U.S.C. § 547(b) may

be recovered by the Reorganized Debtor pursuant to 11 U.S.C. § 550(a)(1).

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor

and against the Defendant on Count Two as follows:

(a) Declaring that the Reorganized Debtor may recover the Transfers from

Defendant pursuant to 11 U.S.C. § 550(a)(1);

(b) Ordering that the Defendant pay to the Reorganized Debtor the aggregate

amount of the Transfers, plus all interest that has accrued since the date that the

Plaintiff demanded a return of the Transfers; and

(c) Granting such other and further relief as this Court deems just and equitable.

**Reservation of Right to Amend**

During the course of this adversary proceeding, Plaintiff may learn (through discovery or

otherwise) of additional transfers made to Defendant during the Preference Period. As such,

Plaintiff reserves its right to amend this Complaint to include: (i) further information regarding the

Transfer, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name,

and/or (iv) additional defendants, that may become known and to request that the Amendments

relate back to this original Complaint.

**RESPECTFULLY SUBMITTED** this 2nd day of February 2024.

/s/ Justin M. Luna
**Justin M. Luna, Esq.**
Florida Bar No. 0037131
jluna@lathamluna.com
**Benjamin R. Taylor, Esq.**
Florida Bar No. 1024101
btaylor@lathamluna.com
**LATHAM, LUNA, EDEN & BEAUDINE, LLP**
Bknotice1@lathamluna.com
201 S. Orange Ave., Suite 1400
Orlando, Florida 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801
*Attorneys for the Plaintiff*

EXHIBIT "A"



## LATHAM, LUNA, EDEN & BEAUDINE, LLP

### ATTORNEYS AT LAW

_____

MICHAEL J. BEAUDINE
JAN ALBANESE CARPENTER
DANIEL H. COULTOFF
JENNIFER S. EDEN
DOROTHY F. GREEN
BRUCE D. KNAPP
PETER G. LATHAM
JAY E. LAZAROVICH

*BOARD CERTIFIED
  BUSINESS BANKRUPTCY ATTORNEY

201 SOUTH ORANGE AVENUE, SUITE 1400
ORLANDO, FLORIDA 32801
POST OFFICE BOX 3353
ORLANDO, FLORIDA 32802
TELEPHONE: (407) 481-5800
FACSIMILE: (407) 481-5801
WWW.LATHAMLUNA.COM

MARC L. LEVINE
*JUSTIN M. LUNA
LORI T. MILVAIN
BENJAMIN R. TAYLOR
CHRISTINA Y. TAYLOR
KRISTEN E. TRUCCO
DANIEL A. VELASQUEZ

DIRECT DIAL: (407) 481-5804
EMAIL JLUNA@LATHAMLUNA.COM

January 16, 2024

**NOTE: ANY PORTION OF THIS LETTER WHICH DISCUSSES DEFENDANT'S POTENTIAL DEFENSES AND SETTLEMENT BASED ON THOSE DEFENSES ARE PROTECTED SETTLEMENT COMMUNICATIONS PURSUANT TO RULE 408 OF THE FEDERAL RULES OF EVIDENCE AND ARE NOT ADMISSIBLE FOR ANY PURPOSE.**

**VIA CERTIFIED MAIL**

**CitiBusiness/AAdvantage Platinum**
388 Greenwich St.
New York, NY 10285

Re:        **NOTICE OF INTENDED PREFERENCE LITIGATION AND DEMAND FOR RETURN OF PREFERENTIAL TRANSFERS**

           *In re: Evolution Micro, LLC* (Bankruptcy Case No: 6:23-bk-04081-TPG)

           **Payments Received**
           **During Preference**
           **Period:**                              **$112,720.27**

To Whom in May Concern:

        This firm has been retained by Evolution Micro, LLC ("**Evolution Micro**") in the above-referenced Chapter 11 Bankruptcy Case. Evolution Micro filed a voluntary chapter 11 petition on September 29, 2023 (the "**Petition Date**") in the U.S. Bankruptcy Court for the Middle District of Florida. Evolution Micro is operating its business and managing its assets as a reorganized debtor

LATHAM, LUNA, EDEN & BEAUDINE, LLP
**PREFERENCE DEMAND NOTICE**
January 16, 2024
Page 2

pursuant to a plan of reorganization confirmed on December 13, 2023. **The letter serves as your Preference Action Notice**.

As provided in sections 547, 548, 549, 550 and 1107 of the Code, Evolution Micro has a duty and the authority to investigate, pursue, commence, prosecute, compromise, settle, or otherwise resolve certain causes of action under Chapter 5 of the Code to avoid and recover payments made to its creditors prior to the Petition Date. Even though these payments may have been proper when made by Evolution Micro, under the Bankruptcy Code, Evolution Micro may seek the return of such funds for the benefit of its creditors and estate.

Specifically, Section 547(b) of the Code provides for the avoidance of transfers made to creditors during the ninety (90) day period prior to the Petition Date (the "**Preference Period**"), which in this case covers transfers that cleared between July 1, 2023 through the Petition Date. In addition, to the extent that there are any unauthorized transfers made by Evolution Micro after the Petition Date (the "**Post-Petition Transfers**"), such transfers are also avoidable under Section 549 of the Bankruptcy Code.

According to Evolution Micro's records, CitiBusiness received not less than **$112,720.27** (the "**Transfers**") during the Preference Period from Evolution Micro. A Statement of Account listing checks, ACHs, EFTs, and/or wire transfers issued to you by the Debtor within the Preference Period and Post-Petition Period will be provided to you upon request directed to the undersigned. If you did not receive one or more checks, ACHs, EFTs, and/or wire transfers from Evolution Micro, please notify me immediately. Otherwise, Evolution Micro hereby demands that you return the Transfers via check or wire transfer directed to Evolution Micro's undersigned counsel. Wire transfer instructions are available upon request.

Pursuant to this letter, Evolution Micro requests that you also produce all information and documentation of any defenses or reasons the Transfers may not be avoidable within seven (7) days of your receipt of this correspondence to allow us to perform due diligence concerning Evolution Micro's claims against you in a timely manner. Evolution Micro does not waive, and hereby expressly reserves all of its rights and remedies with respect to the matters set forth herein, including its right to withhold payment of any claim you may have in this case, and to pursue litigation to avoid and recover the full value of the Transfers unless this matter is otherwise resolved by agreement. Therefore, we encourage you to give this matter your early attention.

Please contact me at 407-481-5804 or via email at jluna@lathamluna.com should you wish to discuss a resolution to this matter.

Lᴀᴛʜᴀᴍ, Lᴜɴᴀ, Eᴅᴇɴ & Bᴇᴀᴜᴅɪɴᴇ, LLP
**Pʀᴇꜰᴇʀᴇɴᴄᴇ Dᴇᴍᴀɴᴅ Nᴏᴛɪᴄᴇ**
January 16, 2024
Page 2

Sincerely

**Latham, Luna, Eden & Beaudine, LLC**

Justin M. Luna, Esq.

cc. Evolution Micro, LLC